# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

RYAN HARRIS,

       Plaintiff,

v.                              CASE NO.  4:08cv569-RH/CAS

DAVID C. HOBBS, etc.,

       Defendant.

_____/

## ORDER AWARDING ATTORNEY'S FEES

The plaintiff Ryan Harris prevailed on his claim that his constitutional rights were violated while he was detained in a jail operated by the defendant Sheriff. Mr. Harris is entitled to a fee award.  The only remaining issue is the amount of the fee award.

Mr. Harris submitted a claim and supporting materials.  The materials support these findings: the claimed hours were directly and reasonably incurred in proving the constitutional violations at issue; the claimed rates are reasonable; and the hours, rates, and overall fee are within the range that customarily would be charged by attorneys in this district for services of this kind.

But for limitations imposed by the Prison Litigation Reform Act ("PLRA"), the claim would be approved in its entirety. Mr. Harris's attorneys rendered exceptional service and won a difficult case. Indeed, the attorneys' willingness to take on the case and their diligence in pursuing it are examples of the private bar at its best.

In response to Mr. Harris's fee claim, the Sheriff noted that the PLRA limits the hourly rate that may be awarded and provides that the plaintiff may be required to pay the plaintiff's own fees from a portion —up to 25%—of the underlying judgment. *See* 42 U.S.C. § 1997e(d)(2)–(3); *see also Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 796-98 (11th Cir. 2003) (holding § 1997e(d) constitutional); *Johnson v. Breeden*, 280 F.3d 1308, 1326-27 (11th Cir. 2002) (applying the statute).

An order was entered on October 13, 2013, giving Mr. Harris an opportunity to respond. Mr. Harris conceded that the PLRA limitation applies but contended— correctly in my view—that the PLRA only allows, it does not require, a court to allocate as much as 25% of the underlying judgment for payment of the plaintiff's fees. *See, e.g.*, *Kahle v. Leonard*, 563 F.3d 736, 743 (8th Cir. 2008) (collecting cases).

As a matter of discretion, I conclude that Mr. Harris should be required to

pay his own fees up to the full statutory maximum—25% of the underlying

judgment. This is so based on all the circumstances, including these. Mr. Harris

initiated this entire episode by wrongly obtaining tricyclic antidepressants and

taking an overdose in an attempt to commit suicide. Mr. Harris's original

complaint in this action asserted the false and indeed outrageous claim that jail

officials poisoned him because he is gay and because a victim of the crime that led

to his detention was a relative or family friend of a jail official. The attorney who

filed that complaint withdrew, and the current attorneys eventually appeared and

amended the complaint. They won claims that, despite the verdict, can reasonably

be questioned. All this is described in some detail in the order of December 6,

2012, ECF No. 175.

Mr. Harris now claims fees only for the new attorneys' own (successful)

work, not for the work of the prior attorney who pursued plainly unfounded

allegations. Even so, the Sheriff incurred fees responding to the earlier allegations.

This is a circumstance properly considered in deciding the portion of the fee award

that should be borne by Mr. Harris himself.

Taking all the facts in the light most favorable to Mr. Harris, the most that

can be said is that (1) jail officials did not recognize the possibility that Mr. Harris

was suicidal, (2) a probationary employee in the jail's control room responded

slowly to the calls of other inmates saying Mr. Harris was down, (3) jail officials delayed the ambulance's departure awaiting the arrival of a deputy to accompany the ambulance to the hospital, and (4) jail officials did not tell medical personnel that Mr. Harris overdosed on tricyclic antidepressants (a fact the Eleventh Circuit apparently concluded jail officials somehow should have known).

On the spectrum of constitutional violations for which attorney's fees can be awarded, the violations here fall toward the end warranting less, not more, deterrence. None of the violations warrant the extra dose of deterrence that would come from declining to require Mr. Harris to bear his own fees up to the maximum permissible 25% of the underlying judgment.

The proper fee award is calculated as follows. Fees through the date of filing the fee motion, capped at the statutory maximum hourly rate, are $175,882.50. Fees for time reasonably devoted to the case since filing of the fee motion total $6,337.50. The combined total is $182,220.00. The judgment was for $636,803.91, not including costs and attorney's fees. Mr. Harris's share of attorney's fees is 25% of that amount, or $159,200.97. This leaves a net award of fees against the Sheriff in the amount of $23,019.03, calculated as $182,220.00 less $159,200.97.

This calculation does not require Mr. Harris to bear any portion of the

taxable costs.  The PLRA does not allow allocation of taxable costs—as distinguished from attorney's fees and attendant nontaxable expenses—to a successful plaintiff.  And as a matter of discretion, I would not require Mr. Harris to pay a portion of the costs from the judgment, even if the PLRA authorized it.

This allocation also does not factor in the interest that has accrued on the underlying judgment.  The Sheriff did not pay the judgment when it was entered.  The Sheriff properly should bear the interest that has accrued since that time.  Even if I had discretion to allocate 25% of the interest for payment of attorney's fees, I would choose, as a matter of discretion, not to do so.

In sum, the proper net award of attorney's fees is $23,019.03.  Accordingly,

IT IS ORDERED:

The clerk must enter a judgment stating, "It is ordered that the plaintiff Ryan Harris recover from the defendant Sheriff of Jefferson County, Florida, in his official capacity, the amount of $23,019.03 as attorney's fees."

SO ORDERED on December 6, 2013.

s/Robert L. Hinkle_____
United States District Judge